Heinz Binder (SBN 87908)
Wendy Watrous Smith (SBN 133887)
David B. Rao (SBN 103147))
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: heinz@bindermalter.com
Email: wendy@bindermalter.com
Email: david@bindermalter.com

Attorneys for Appellant South River Capital, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>EVANDER F. KANE,<br><br>      Debtor. | BK Case No.:  21-50028 SLJ<br><br>Chapter 7 |
| SOUTH RIVER CAPITAL, LLC<br><br>     Appellant,<br><br>v.<br><br>EVANDER F. KANE,<br><br>     Appellee. | Case No.   3:21-CV-03493-WHO |

## APPELLANT'S REQUEST TO SUPPLEMENT THE RECORD ON APPEAL AND FOR JUDICIAL NOTICE

Appellant, South River Capital, LLC, hereby asks the court to supplement the record on appeal and to take judicial notice of a ruling made by Judge Steven Johnson of the Bankruptcy Court in an adversary proceeding related to the case of Evander F. Kane, which is directly contrary to a legal determination made in the earlier order by Judge Johnson being appealed here.  Specifically, in the order on appeal, entered on April 19, 2021, Judge Johnson held that there was an impediment to a possible Chapter 11 plan being confirmed by Mr. Kane because certain creditors claimed security interests in Mr. Kane's post-petition assets. (Order Denying Motion to Convert, Doc# 101)  In a subsequent order in a related adversary proceeding, Judge Johnson held that no pre-petition lien attached to post-petition wages, citing, among other things: *In re Skagit Pac Corp.* 316 B.R. 330, 336 (B.A.P, 9th Cir 2004).

South River wishes to add the order from the adversary proceeding to the record on appeal here, and requests that the court take judicial notice. The order is: *Professional Bank v. Kane, (In re Evander Frank Kane)*, Adv. Proc. No. 21-5013, Amended Order Granting Motion to Dismiss, Doc# 13.  A copy of the order is attached as Exhibit A and is bates-numbered SRC 0549-0567.

Argument:

Paragraph (b)(2) of Federal Rule of Evidence 201 states in part that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it. . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  This court regularly takes judicial notice of facts from court documents. "[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) *[internal citations omitted]*. Accordingly, the 9th Circuit has held that it "may take notice of proceedings in other courts, both within and without the federal judicial system, if those

proceedings have a direct relation to matters at issue.'" *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.* 971 F.2d 244, 248 (9th Cir. 1992), *[internal citations omitted]*.

Here South River asks the court to take judicial notice of the order issued in the adversary proceeding related to Kane's bankruptcy solely to take note that Judge Johnson found that, as a matter of law, a party cannot take a security interest in a debtor's post-petition wages based on a pre-petition lien. The requested notice does not create any prejudice to Mr. Kane, as he was a party to the adversary proceedings in which the orders was granted.

Dated: October 7, 2021           BINDER & MALTER, LLP

                                 By: /s/ Wendy Watrous Smith
                                 Wendy Watrous Smith, Attorneys for
                                 South River Capital LLC

# EXHIBIT A

Entered on Docket
July 08, 2021
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: July 8, 2021

_____

**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re **EVANDER FRANK KANE**,

　　　　　　　　　　Debtor.

**PROFESSIONAL BANK**,

　　　　　　　　　　Plaintiff,

　　v.

**EVANDER FRANK KANE**, Debtor,

　　　　　　　　　　Defendant.

Case No. 21-50028 SLJ
Chapter 7

Adv. Proc. No. 21-5013

## AMENDED ORDER GRANTING MOTION TO DISMISS

　　Plaintiff Professional Bank filed the above-captioned adversary proceeding seeking to except from discharge a $1,500,000 debt from a loan Defendant Evander Kane entered into in early 2019. Plaintiff also seeks punitive damages, a determination that it has a valid lien on Defendant's post-petition salary arising from a security agreement executed as part of that loan, to enjoin the San Jose Sharks to pay to Plaintiff Defendant's salary as contemplated in that security agreement, a declaratory judgment "relating to the allegations and claims" in the complaint, and to deny Defendant's discharge in its entirety.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Defendant now requests I dismiss Plaintiff Professional Bank's complaint for failure to state a plausible claim for relief. Defendant argues: (1) Plaintiff's § 523(a)[1] claims do not satisfy Civil Rule 9(b)'s particularity requirement for factual allegations of fraud, and also fail to allege facts to support a finding of fraudulent intent; (2) Plaintiff's claim for a declaration that it holds a valid lien on Defendant's post-petition income from his contract with the San Jose Sharks fails as a matter of law because the Code does not allow such liens to reach post-petition income from labor; (3) Plaintiff fails to plead facts to support its third claim for an injunction requiring the Sharks to pay Defendant's salary to Plaintiff; (4) Plaintiff's claim for declaratory relief fails because it is duplicative of the other claims; and (5) Plaintiff fails to make clear which provisions of § 727(a) it seeks to deny Defendant's discharge under, and in any event does not allege facts to support such claims. Defendant also requests I strike the request for punitive damages as unsupported by the complaint's factual allegations.

I will grant Defendant's motion and dismiss the complaint in its entirety. I conclude Plaintiff's § 523(a) claims fail to satisfy Civil Rule 9(b), and also fail to adequately allege fraudulent intent. Next, I conclude Plaintiff's lien cannot reach Plaintiff's post-petition salary from his contract with the Sharks, so that claim fails as a matter of law. This conclusion also means Plaintiff's injunction claim fails as a matter of law. Plaintiff's claim for declaratory relief fails because it is entirely duplicative of the other claims, and is thus either unnecessary or also fails to satisfy relevant pleading standards. Finally, I agree with Defendant that Plaintiff does not properly allege its claim(s) under § 727(a) by vaguely alleging that filings in the underlying bankruptcy case and other adversary proceedings support such claims, and the facts alleged in this complaint do not adequately allege a claim under those provisions. I will grant leave to amend for Plaintiff's § 523(a) and § 727(a) claims because it is not clear yet that the defects in those claims cannot be cured by amendment. But because the second and

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Civil Rule" references are to the Federal Rules of Civil Procedure and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil L.R." and "B.L.R." references refer to the applicable Civil Local Rules and Bankruptcy Local Rules.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1   third claim fail on legal grounds, I conclude leave to amend them would be futile. Finally, I

2   decline to rule on Plaintiff's motion to strike as moot, given the complaint's dismissal.[2]

3   **I.    BACKGROUND**

4           A.    Plaintiff's Complaint

5           Plaintiff filed this adversary proceeding on May 3, 2021. ECF 1. Plaintiff states it is a

6   secured creditor of Defendant, based on the following allegations. Defendant borrowed

7   $1,500,000 from Plaintiff in March 2019. The loan's terms included Defendant granting

8   Plaintiff a security interest in Defendant's income from his player contract with the San Jose

9   Sharks, that Plaintiff would receive payment directly from the Sharks as part of Defendant's

10  income stream from them. Plaintiff alleges Defendant also waived "all legal provisions and

11  potential objections that" Defendant might argue could limit Plaintiff's ability to assert such

12  a security interest, or Plaintiff's right to direct payment from the Sharks.

13          Defendant's payments from closing to October 15, 2019 were covered by an advance

14  reserve. But Defendant did not make the November 15, 2019 payment, nor any payment

15  thereafter, and also revoked automatic payments from the Sharks to Plaintiff. Plaintiff states

16  Defendant has been in default since November 15, 2019.

17          Plaintiff then alleges that Defendant's post-closing conduct shows Defendant had no

18  intention of performing under the loan. Plaintiff points to Defendant blocking the automatic

19  payment provision before the first payment was due. Defendant also allegedly made

20  misrepresentations about his financial condition, stating that Defendant "overstated his

21  assets, and he understated his liabilities." Id. ¶ 18. Plaintiff then alleges Defendant "was likely

22  insolvent when he" executed the loan with Plaintiff, "but that information was fraudulently

23  concealed from" Plaintiff. Id. ¶ 19. Defendant "intended to declare bankruptcy" and not pay

24  his creditors, including Plaintiff. Id. ¶ 20. Plaintiff alleges it is "likely that the initial planning

25  of" Defendant's bankruptcy case was "already in process and in progress when" Defendant

26  _____

27          [2] While I decline to rule on the motion to strike now, I note that Plaintiff's claim in
    the underlying bankruptcy case does not mention punitive damages, see Claim 1-1, and the
28  claim bar date passed on April 15, 2021. BK ECF 13.

AMENDED ORDER GRANTING MOTION TO DISMISS                                    3/18

sought the loan from Plaintiff, because Defendant was also borrowing large sums from other creditors, such as Centennial Bank, Zions Bancorporation, and South River Capital. *Id.* ¶ 21. Finally, Plaintiff notes Defendant's efforts in late 2019 and 2020 to negotiate with his creditors, alleging such negotiations were actually a delay tactic. *Id.* ¶ 23.

Based on these facts, Plaintiff alleges five claims: (1) a determination that Defendant's debt to Plaintiff is not dischargeable under § 523(a)(2)(A) and (B); (2) a determination that Plaintiff has a valid security interest in Defendant's income from the Sharks, so such income must be applied to the debt; (3) an injunction requiring the Sharks to divert its payments to Defendant to Plaintiff instead; (4) an unspecific claim for declaratory relief "relating to the allegations and claims herein"; and (5) the denial of Defendant's discharge under § 727. Plaintiff also states the underlying bankruptcy case is an abuse of Chapter 7, alleges it is entitled to punitive and exemplary damages of $15,000,000, ten times the compensatory damages it seeks, alleges it is entitled to attorney fees under the loan documents, and also demands a jury trial on all matters triable by jury.

### B.  Defendant's Motion to Dismiss

Defendant filed this motion to dismiss on June 2, 2021. ECF 5. Defendant first asks I strike Plaintiff's request for punitive damages as the complaint lacks any allegations that Defendant is guilty of fraud, oppression, or malice. Next, Defendant argues I should dismiss Plaintiff's §§ 523(a)(2)(A) and (B) claims because the complaint's factual allegations do not meet Civil Rule 9(b)'s particularity standard for pleading fraud claims, and in any event Plaintiff fails to allege facts to support a finding of fraudulent intent. Defendant then argues I should dismiss Plaintiff's second claim because it cannot have a security interest in his post-petition wages as a matter of law. Defendant also argues I should dismiss Plaintiff's third claim because the complaint fails to allege it is entitled to an injunction, and also fails to include the San Jose Sharks as a defendant. As for the fourth claim, Defendant says that claim should be dismissed because the declaratory relief sought in that claim is duplicative of Plaintiff's other claims. Finally, Defendant argues I should dismiss the fifth claim seeking

1  denial of discharge under § 727(a) because it is unclear what provisions Plaintiff asserts this

2  claim under, and the complaint's allegations do not support a claim under any of them.

3  **II.    LEGAL STANDARD**

4  A defendant may assert, by motion, the defense that the plaintiff has failed to state a

5  claim upon which relief can be granted. Civil Rule 12(b)(6) (incorporated by Bankruptcy

6  Rule 7012). At its heart, a motion to dismiss is a statement that even if the plaintiff is given

7  every benefit of the doubt, the plaintiff's claim should be dismissed because it is

8  unsupported by factual assertions or is otherwise not legally cognizable.

9  For purposes of evaluating a motion to dismiss, the court "must presume all factual

10  allegations of the complaint to be true and draw all reasonable inferences in favor of the

11  nonmoving party." *Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). When deciding

12  whether to grant a motion to dismiss, the court generally "may not consider any material

13  beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555

14  n.19 (9th Cir. 1990). However, the court may consider material submitted as part of the

15  complaint or relied upon in the complaint, and may also consider material subject to judicial

16  notice. See *Lee v. Los Angeles*, 250 F.3d 668, 688–69 (9th Cir.2001).

17  To state a claim for relief and survive a motion to dismiss, the pleading "does not

18  need detailed factual allegations" but the "factual allegations must be enough to raise a right

19  to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

20  Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action

21  will not do." *Id.* In other words, the "complaint must contain sufficient factual matter,

22  accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

23  U.S. 662, 678 (2009) (citations omitted). "[F]or a complaint to survive a motion to dismiss,

24  the nonconclusory factual content, and reasonable inferences from that content, must be

25  plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*,

26  572 F.3d 962, 969 (9th Cir. 2009).

27  When alleging fraud, Civil Rule 9(b), applicable in bankruptcy proceedings under

28  Bankruptcy Rule 7009, requires a party "state with particularity the circumstances

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

AMENDED ORDER GRANTING MOTION TO DISMISS                                    5/18

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

constituting fraud[.] Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *See In re Craciun*, 2014 WL 2211742, at *5 (B.A.P. 9th Cir. May 28, 2014) (applying Civil Rule 9(b) to § 523(a)(2)(A) claims). A party alleging fraud must "'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation omitted).

Finally, when a complaint is dismissed pursuant to a Civil Rule 12(b)(6) motion to dismiss, "[l]eave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. When amendment would be futile, however, dismissal may be ordered with prejudice." *Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1135 (N.D. Cal. 2010) (citations omitted).

## III.   DISCUSSION

### A.   Plaintiff's § 523(a) Claim is Actually Two Claims

Plaintiff's first claim is improperly pled because it asserts as one claim what are in fact two distinct claims. Sections 523(a)(2)(A) and (B) are distinct provisions that give rise to different claims which require different showings to obtain relief. While I find below that there are other grounds for dismissing these claims, it is also improper to lump two distinct claims into one. Doing so makes it more difficult for a defendant – and the reviewing court – to tell which allegations are meant to substantiate which provisions. This practice harms the complaint's ability to give a defendant notice of the claims against them, which is the entire point of the Civil Rules' pleading requirements. Should Plaintiff file an amended complaint that asserts both these claims, such claims should be pled separately.

### B.   Plaintiff's § 523(a)(2)(A) Claim Must be Dismissed

Plaintiff's first claim asserts the debt is nondischargeable under § 523(a)(2)(A), which bars the discharge of any debt for money, to the extent obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." To succeed on a § 523(a)(2)(A) claim, Plaintiffs must show: (1) a representation of fact by the debtor; (2) that was material; (3) that the debtor knew at the

AMENDED ORDER GRANTING MOTION TO DISMISS                                          6/18

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

time to be false; (4) that the debtor made with the intention of deceiving the creditor; (5) upon which the creditor relied; (6) that the creditor's reliance was reasonable; and (7) that the damage proximately resulted from the misrepresentation. *In re Siriani*, 967 F.2d 302, 304 (9th Cir. 1992) (citation omitted). I conclude this claim must be dismissed because Plaintiff's unspecific allegations do not allow a reasonable inference of fraudulent intent.

Plaintiff's allegations appear to show Defendant misrepresented his finances, including whether he was solvent, and that he misrepresented that he intended to repay the loan. The first misrepresentation cannot support a § 523(a)(2)(A) claim. "Congress expressly excluded oral 'statement[s] respecting the debtor's or an insider's financial condition' from § 523(a)(2)(A)'s coverage." *In re Belice*, 461 B.R. 564, 573 (B.A.P. 9th Cir. 2011). A statement respects "a debtor's financial condition if it has a direct relation to or impact on the debtor's overall financial status." *Lamar, Archer, & Cofrin, LLP v. Apling*, 138 S. Ct. 1752, 1761 (2018). This includes statements indicating "whether a debtor is solvent or insolvent, able to repay a given debt or not." *Id.* Plaintiff does not allege with any specificity what Defendant said about his finances or solvency. But even if Plaintiff did, such statements are statements respecting Defendant's financial condition, and are excluded in the § 523(a)(2)(A) context.

This means the sole relevant misrepresentation underpinning Plaintiff's claim is Defendant's promise to repay Plaintiff. That is, Plaintiff alleges Defendant represented he would repay Plaintiff when he entered into the loan, but had no intention of doing so at the time. Fraudulent intent can be satisfied by either "actual knowledge or reckless indifference to the truth." *In re Grabau*, 151 B.R. 227, 234 (N.D. Cal. 1993) (citing *In re Rubin*, 875 F.2d 755, 759 (9th Cir. 1989)). When "a debtor makes promises of future action which, at the time they were made, he had no intention of fulfilling," the resulting debt may be nondischargeable. *In re Decret*, 2017 WL 4097813, at *2 (Bankr. C.D. Cal. Sept. 13, 2017) (citations and emphasis omitted). But "'if, at the time he makes a promise, the maker honestly intends to keep it but later changes his mind or fails or refuses to carry his expressed intention into effect, there has been no misrepresentation.'" *Id.* at *2 (quoting *Palmacci v. Umpierrez*, 121 F.3d 781, 787 (1st Cir. 1997)).

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The non-conclusory allegations relevant to the alleged misrepresentation are as follows: (1) Defendant made no payments on the loan after the advance payment amounts were exhausted; (2) Defendant revoked the automatic payment procedure prior to any payments being made under it; (3) Defendant incurred significant debts from other banks around the same time he entered into the loan with Plaintiff; and (4) Defendant later tried to negotiate with his creditors, which Plaintiff asserts was a further effort to delay any payment on the loan until Defendant finally filed this bankruptcy case.

I do not think I can reasonably infer on the facts alleged that Defendant had no intention of paying back the loan when he entered into it. Beginning with Plaintiff's third allegation, I conclude it does not satisfy Civil Rule 9(b). Plaintiff does not provide any information about those loans, most importantly when they were entered into and the amounts borrowed. If Defendant entered into those loans after this one, the temporal distance between them is important for determining whether it is reasonable for me to infer fraudulent intent on the basis of such loans. That is, such an inference is more plausible when one enters into another loan shortly after the first, rather than many months later.

Setting aside the third allegation, the first two allegations alone cannot support this inference because they occurred after the loan was made, and therefore do little to show Defendant's intent when he entered into the loan. If those allegations alone could state a § 523(a)(2)(A) claim, it would mean the bare failure to repay a loan permits a court to reasonably infer the debtor had no intent to repay the loan when the debtor entered into it. I also note that, to the extent I can infer anything from the first allegation, such inference is adverse to Plaintiff, as Defendant agreeing to advance payments is at least some evidence he intended to repay the loan when he entered into it.

The fourth allegation fails to supplement the first and second in a manner that would allow me to reasonably infer Defendant's fraudulent intent. Defendant engaging in illusory restructuring efforts to further delay creditor collection efforts could be part of an ongoing scheme to not repay creditors. But until this allegation is paired with facts about Defendant's intent when he entered into the loan, it suffers from the same problem as the first and

AMENDED ORDER GRANTING MOTION TO DISMISS                                    8/18

second allegations. This allegation, like the first and second, essentially asks me to infer solely from Defendant's failure to repay the loan that he never intended to do so. Another way of phrasing the problem is this: Plaintiff's allegations may permit an inference that Defendant at some point lacked the intent to repay these loans. But without factual allegations linking his subsequent conduct to his intent when he entered into the loan, I cannot reasonably infer that Defendant's intent was fraudulent at the loan's closing, when it mattered.

Plaintiff's allegations fail to support a § 523(a)(2)(A) claim because they are unspecific and do not permit a reasonable inference that Defendant had no intent to repay the loan when he entered into it. Plaintiff's § 523(a)(2)(A) must be dismissed.

C.   Plaintiff's § 523(a)(2)(B) Claim Must be Dismissed

Plaintiff's first claim also asserts the debt is nondischargeable under § 523(a)(2)(B). That section makes nondischargeable a debt for money, to the extent it is obtained by the use of a materially false statement respecting the debtor's financial condition that the creditor reasonably relied upon, which the debtor made or published with intent to deceive. To succeed on a § 523(a)(2)(B) claim, Plaintiffs must show: (1) a representation of fact by the debtor; (2) that was material; (3) that the debtor knew at the time to be false; (4) that the debtor made with the intention of deceiving the creditor; (5) upon which the creditor relied; (6) that the creditor's reliance was reasonable; and (7) that the damage proximately resulted from the misrepresentation. *In re Siriani*, 967 F.2d 302, 304 (9th Cir. 1992) (citation omitted). I conclude this claim must also be dismissed because the complaint fails to allege facts with sufficient particularity to support this claim under Civil Rule 9(b).

Plaintiff's alleges Defendant "misrepresented his financial circumstances and financial condition" and "overstated his assets[] and [] understated his liabilities." ECF 1 ¶ 18. But at no point in the complaint does Plaintiff allege a specific misrepresentation Defendant made regarding his finances, assets, or liabilities. The closest example Plaintiff comes to doing so is alleging Defendant borrowed large sums of money from other banks around the same time he applied for a loan with Plaintiff. *Id.* ¶ 21. But in addition to being unspecific, Plaintiff also never alleges that Defendant represented he was not applying for other loans, so it is unclear

1   whether Defendant made a representation on this point at all, let alone a materially false one.

2   Because Plaintiff does not allege a specific misrepresentation that allows me to plausibly

3   infer the who, what, where, when, and why of the fraud Defendant allegedly perpetrated

4   against Plaintiff, this claim fails to satisfy Civil Rule 9(b) and must be dismissed.

5           D.   Plaintiff's Determination of Security Interest Claim Must be Dismissed

6           Plaintiff's second claim seeks a determination that it holds a valid lien against

7   Defendant's future income under his player contract with the San Jose Sharks. I conclude it

8   does not, so this claim must be dismissed.

9           Section 552(a) says "property acquired by the estate or by the debtor after the

10  commencement of the case is not subject to any lien resulting from any security agreement

11  entered into by the debtor before the commencement of the case." In turn, § 552(b)(1) says

12  if a debtor enters "into a security agreement before the commencement of the case and if

13  the security interest created by such security agreement extends to property of the debtor

14  acquired before the commencement of the case and to proceeds, products, offspring, or

15  profits of such property, then such security interest extends to such proceeds, products,

16  offspring, or profits acquired by the estate after the commencement of the case to the extent

17  provided by such security agreement and by applicable nonbankruptcy law, except to any

18  extent that the court, after notice and a hearing and based on the equities of the case, orders

19  otherwise." In summary, property the debtor or estate acquires post-petition is not subject to

20  pre-petition security agreements, unless such agreement extends to the proceeds, products,

21  offspring, or profits of such property under applicable State law.

22          Plaintiff characterizes Defendant's income stream from the Sharks as a business

23  account receivable. Accepting this as true, "revenue generated by the operation of a debtor's

24  business, post-petition, is not considered proceeds if such revenue represents compensation

25  for goods and services rendered by the debtor in its everyday business performance." *In re*

26  *Skagit Pac. Corp.*, 316 B.R. 330, 336 (B.A.P. 9th Cir. 2004) (citing *In re Cafeteria Operators*, 299

27  B.R. 400, 405 (Bankr. N.D. Tex. 2003)). Plaintiff argues Defendant will receive his salary "no

28  matter what happens." ECF 7, p. 25. But that is not correct, as Defendant can be suspended

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

without pay if he is disabled during the season, and can lose his right to compensation entirely if he is terminated for cause. BK ECF 101, p. 5. At minimum, Defendant's contract requires some level of everyday performance on his part for him to continue receiving pay, which includes Defendant continuing to play hockey. Plaintiff apparently believes that the Sharks would have continued to pay Defendant his salary if he refused to play hockey immediately after entering into the contract. Nothing in the contract supports this reading, and it flies in the face of reason. Because Defendant must continue performing under the contract to earn his salary, his post-petition salary payments are not "proceeds" under § 552(b)(1), and do not fall within the exception to § 552(a)'s rule that property acquired post-petition is not subject to pre-petition liens. In other words, because Defendant did not acquire all of his salary under his contract with the Sharks prior to filing this bankruptcy, payments by the Sharks to him are not "proceeds" of that contract within the meaning of § 552(b), so § 552(a) precludes Plaintiff's lien from reaching those payments.

Plaintiff's argument suffers from a more fundamental defect: Defendant is not a business, nor have I ever concluded he was. I held that Defendant's "business" was being a professional hockey player, BK ECF 151, p. 12, by which I meant he was in the business of playing hockey professionally; I think it enough to note that there, as here, I used "business" in quotations, showing I meant to use that term euphemistically, not literally. Plaintiff also mischaracterizes my prior finding that Defendant's debts were not primarily consumer debts. *See* BK ECF 151. That finding does not mean I concluded Defendant's debts were primarily business debts. In sum, I found that Defendant's debts primarily fell into a gray area between clearly consumer debt and clearly business debt, and since § 707(b) required Defendant's debts be primarily consumer, that motion lacked merit. Plaintiff's judicial estoppel argument is therefore misplaced, as Defendant never argued that his debts were primarily business debts. Even if he had done so, such arguments would not preclude Defendant's position here.

Because Defendant's salary from the Sharks is the result of his labor as a professional hockey player, I do not agree with Plaintiff that such salary is a business account receivable.

AMENDED ORDER GRANTING MOTION TO DISMISS                                    11/18

More importantly, "[r]evenue generated post-petition solely as a result of a debtor's labor is not subject to a creditor's pre-petition interest." *Skagit*, 361 B.R. at 336 (citation omitted). Plaintiff contends *Skagit* does not apply here because Defendant already earned his right to payment by signing his contract with the Sharks. I disagree, for as stated above that contract provides multiple grounds that would allow the Sharks to withhold salary payments, temporarily or otherwise. That is, Plaintiff has to meet certain obligations for the Sharks to continue paying him, so he did not acquire the entirety of the salary contemplated under the contract at signing. One of these obligations is *continuing to play hockey*. This means Plaintiff (or the estate) could not have acquired his post-petition salary payments before this case, so they are not subject to Plaintiff's lien. Under Plaintiff's theory, an individual who enters into an employment agreement somehow takes title immediately to all the wages such individual would earn during the term of that agreement. Plaintiff provides no authority to support this theory, nor have I found any.

The Supreme Court's decision in *Local Loan Company v. Hunt*, 292 U.S. 234 (1934), supports this result. In *Hunt*, the Court held that "the clear and unmistakable policy of the Bankruptcy Act" required that a pre-petition assignment of wages be discharged as to post-petition wages, notwithstanding State law which provided that "an assignment of future wages creates a lien effective from the date of the assignment, which is not invalidated by the assignor's discharge in bankruptcy." *Hunt*, 292 U.S. at 243–44. Plaintiff argues *Hunt* does not apply because it dealt with an involuntary judicial lien, rather than a voluntary lien created by a security agreement, and because it interpreted the Bankruptcy Act, not the Code. The first argument fails because nothing in *Hunt* or § 552(a) turns on whether the lien arose voluntarily or otherwise. *See* § 552(a) ("[P]roperty acquired by the estate or by the debtor after the commencement of the case is not subject to *any lien* resulting from *any security agreement* entered into by the debtor before the commencement of the case.") (emphasis added). As for Plaintiff's second argument, it is true *Hunt* was decided prior to the Code's adoption. But what matters here is the Bankruptcy Act's "clear and unmistakable policy"

against the enforceability of pre-petition wage assignments being enforceable post-discharge appears to be encoded in § 552(a).

I also note that at least one bankruptcy court in this circuit applied *Hunt* to a similar issue, despite the bankruptcy case arising under the Code, and not the Bankruptcy Act. *See In re Baker*, 217 B.R. 609 (Bankr. N.D. Cal. 1998). In *Baker*, a credit union sought relief from the automatic stay to levy a pre-petition wage garnishment lien on the debtor's post-petition wages to satisfy a discharged debt. The bankruptcy court denied the creditor's motion, and in part based its reasoning on *Hunt*, stating: "Like the Credit Union, the finance company in *Local Loan* contended that the voluntary wage assignment remained in effect after the debtor received his discharge and attached to his future wages. The Supreme Court rejected this contention and held that the wage assignment terminated when the debtor filed his bankruptcy petition. [¶] The Supreme Court reasoned that there was no lien on debtor's future earnings when the bankruptcy petition was filed because those earnings did not yet exist. Moreover, the underlying debt was discharged before the debtor's future earnings came into existence." Defendant has not yet received a discharge in this case, and he may not receive one at all. But one fact unites *Baker* and Defendant's bankruptcy case: for both debtors, their future earnings did not yet exist when they filed their petitions, so under *Hunt* pre-petitions liens could not attach to such earnings.

In sum, the exceptions to § 552(a) do not apply to Plaintiff's security interest, so Defendant's post-petition salary is not subject to Plaintiff's lien. Because this claim is premised on Plaintiff's lien reaching Defendant's post-petition salary, it must be dismissed.

E.   Plaintiff's Injunctive Relief Claim Must be Dismissed

Plaintiff's third claim seeks injunctive relief requiring the San Jose Sharks to pay Defendant's salary to Plaintiff to repay the loan, as contemplated under the loan documents which allegedly granted Plaintiff a security interest in Defendant's future income. To prevail on a claim seeking an injunction, Plaintiff must show "that an injunction would be in the public interest, that without an injunction irreparable harm is likely, that the balance of equities tips in its favor, and that it is likely to succeed on the merits." *DISH Network Corp. v.*

1    *FCC*, 653 F.3d 771, 776 (9th Cir. 2011) (citing *Winter v. NRDC*, 555 U.S. 7, 20 (2008)). The

2    Ninth Circuit applies a sliding scale approach where, for instance, "a stronger showing of

3    irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the

4    merits." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

5         As discussed above, § 552(a) prohibits Defendant's post-petition salary from being

6    subject to Plaintiff's security interest. Plaintiff makes clear this claim is premised on its pre-

7    petition security interest applying to Defendant's post-petition salary, so § 552(a) is fatal to

8    this claim, meaning there is no chance of Plaintiff succeeding on the merits. Even assuming

9    the other factors are in Plaintiff's favor, I conclude the total absence of legal merit to this

10   claim means it must be dismissed.

11        F.   Plaintiff's § 727 Claim(s) Must be Dismissed

12        Plaintiff's fifth claim alleges without specificity that Defendant is not entitled to a

13   discharge because of conduct alleged, not just in its complaint, but in the main bankruptcy

14   case and other related adversary proceedings. First, it is improper to plead a claim by making

15   bare references to the dockets of other proceedings, especially when such references include

16   proceedings that have not even been filed, and may not ever be filed. It is also improper to

17   expect me to scour the dockets of the main bankruptcy case and the various adversary

18   proceedings filed against Defendant to find evidence of the conduct Plaintiff vaguely alleges

19   supports a denial of discharge. More importantly, Civil Rule 8(a) requires Plaintiff give

20   Defendant fair notice of Plaintiff's claims and the grounds on which they rest. *Mendiondo v.*

21   *Centinela Hosp. Med. Ctr.*, 512 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted). A claim that

22   is based on unspecified allegations contained in filings on other dockets, including filings

23   that do not yet exist, fails to give the notice required by Civil Rule 8(a). This defect alone

24   merits dismissing this claim, but to the extent I can infer Plaintiff's ultimate assertions from

25   these vague pleadings, I do so below.

26        I read the complaint to assert a claim under § 727(a)(2), as Plaintiff alleges Defendant

27   acted to hinder, delay, or defraud his creditors, and/or transferred, removed, or concealed

28   property Plaintiff has a security interest in. Assuming this is correct: "A party seeking denial

AMENDED ORDER GRANTING MOTION TO DISMISS                                    14/18

1    of discharge under § 727(a)(2) must prove two things: '(1) a disposition of property, such as

2    transfer or concealment, and (2) a subjective intent on the debtor's part to hinder, delay or

3    defraud a creditor through the act of disposing of the property.'" *In re Retz*, 606 F.3d 1189,

4    1200 (9th Cir. 2010) (citation and alteration omitted).

5         Plaintiff's complaint does not make clear what property it believes Defendant

6    concealed or transferred. This is a problem because, to the extent Plaintiff asserts that

7    Defendant acted with fraudulent intent, allegations supporting this claim must be pled with

8    particularity. *In re Know Weigh, LLC*, 576 B.R. 189, 212 (Bankr. C.D. Cal. 2017) (citing *Screen*

9    *Capital Int'l Corp. v. Library Asset Acquisition Co., Ltd.*, 510 B.R. 248, 257 (C.D. Cal. 2014))

10   ("Because this cause of action requires an allegation of actual intent to hinder, delay or

11   defraud, the heightened pleading standard applicable to allegations of fraud is applicable.").

12   Assuming the property in question is Defendant's pre-petition salary, the complaint fails to

13   allege a specific disposition of such property. That is, I cannot tell from the complaint what

14   transfer of such salary Plaintiff alleges Defendant carried out to hinder, delay, or defraud it. I

15   could further assume that the alleged "transfer" is Defendant preventing the Sharks from

16   paying his salary to Plaintiff directly, as contemplated in the loan documents. But I decline to

17   do so. The fact that I must engage in layers of assumption to determine precisely what

18   Plaintiff's § 727(a) claim alleges shows it does not provide Defendant adequate notice of the

19   factual and legal underpinning to this claim. I conclude this means it should be dismissed.

20        To the extent Plaintiff's fifth claim asserts other parts of § 727(a) preclude Defendant

21   from receiving a discharge, I conclude Plaintiff fails to plead them adequately. If Plaintiff

22   believes Defendant is not entitled to a discharge under other parts of § 727(a), it should state

23   so clearly in an amended complaint, and explicitly allege the conduct it believes supports

24   such claims, with references to other dockets where appropriate. Because the complaint does

25   not do so, it must be dismissed.

26        G.  Plaintiff's Declaratory Relief Claim Must be Dismissed

27        Plaintiff's fourth claim seeks "a declaratory judgment relating to the allegations and

28   claims" contained in the complaint. ECF 1 ¶ 38. "The Ninth Circuit has directed district

AMENDED ORDER GRANTING MOTION TO DISMISS                                          15/18

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

courts faced with whether to entertain claims for declaratory relief to consider, among other factors, whether the claim will settle all aspects of the controversy or serve some other useful purpose." *Top Agent Network, Inc. v. Zillow, Inc.*, 2015 WL 7709655, at *9 (N.D. Cal. April 13, 2015) (citing *Government Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998)). I find this claim must be dismissed because it is duplicative of the claims I have already found must be dismissed. Plaintiff argues that, if its other claims are dismissed, this claim is no longer redundant because it would be the only adequate remedy for the harm it allegedly suffered by Defendant's conduct. I read this as an admission that this claim does not seek any relief outside of that contemplated by the other claims, which means it serves no useful purpose. This argument also provides another basis for dismissing this claim: if Plaintiff intends this claim to request a declaration entitling it to the relief requested in its other claims, then this claim is subject to the same pleading requirements as the others. And since I am dismissing those other claims for failure to satisfy those requirements, this one must be dismissed too.

### H. Leave to Amend

Finally, I conclude leave to amend is proper for Plaintiff's §§ 523(a)(2) and 727(a) claims, as well as Plaintiff's declaratory relief claim, as it is not clear to me yet that their defects cannot be cured by alleging additional facts. However, Plaintiff's second and third claim must be dismissed without leave to amend, as it does not appear there are any new facts that could be alleged which would prevent § 552(a) from barring Plaintiff's lien from reaching Defendant's post-petition salary.

## IV.   CONCLUSION

Plaintiff's complaint repeatedly asserts that Defendant's conduct and circumstances post-loan show he fraudulently induced Plaintiff into loaning Defendant money, knowing he had no intention of ever paying it back. But stripped of legal conclusions and unspecific statements, the facts alleged to support this contention are that Defendant paid nothing outside of his initial deposit, and later engaged restructuring counsel in a failed attempt to negotiate with his creditors. None of Plaintiff's factual allegations allow me to reasonably infer Defendant had no intent to repay Plaintiff when he entered into the loan, so Plaintiff's

§ 523(a) claims fail. Plaintiff's second and third claims fail because § 552(a) prohibits its pre-petition security interest in Defendant's salary from reaching post-petition salary payments. And Plaintiff's § 727(a) claim(s) are too vaguely pled to survive this motion.

Accordingly, it is hereby ordered that:

1. Plaintiff's complaint be dismissed, with leave to amend for the first, fourth, and fifth claims, but without leave to amend for the second and third claims.

2. Plaintiff shall file an amended complaint within 30 days of the entry of this order, that is, by **August 6, 2021**.

3. Should Plaintiff fail to file an amended complaint by August 6, 2021, or fail to obtain an extension of that deadline, this adversary proceeding shall be dismissed and the Clerk shall close the file.

IT IS SO ORDERED.

**END OF ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**COURT SERVICE LIST**

[ECF recipients only]