Heinz Binder (SBN 87908)
Wendy Watrous Smith (SBN 133887)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: heinz@bindermalter.com
Email: wendy@bindermalter.com

Attorneys for Appellant South River Capital, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>EVANDER F. KANE,<br><br>           Debtor. | BK Case No.: 21-50028 SLJ<br><br>Chapter 7 |
| SOUTH RIVER CAPITAL, LLC<br><br>           Appellant,<br><br>v.<br><br>EVANDER F. KANE,<br><br>           Appellee. | Case No.  3:21-CV-03493-WHO |

## APPELLANT'S OPPOSITION TO APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT

I. <u>Opposition:</u>

South River Capital, LLC, appellant in this action ("Appellant"), opposes the motion by Evander Frank Kane ("Kane"), appellee and debtor in the bankruptcy case, to dismiss the appeal as moot (the "Motion"). The fact that Kane switched his hockey team from the San Jose Sharks to the Edmonton Oilers (see below) does not make it impossible for this court to grant relief on appeal. *Focus Media, Inc. v. NBC (In re Focus Media, Inc.)*, 378 F.3d 916, 923 (9th Cir. 2004). Kane has certainly not met the "heavy burden to establish that there is no effective relief remaining for [the appellate] court to provide." *Id.* The Motion must be denied.

II. <u>The Appeal and Kane's Switch of Hockey Teams.</u>

This appeal asks this court to reverse the Bankruptcy Court's order (the "Bankruptcy Order") denying the creditors' motion to convert Kane's Chapter 7 case to one under Chapter 11.  The core question before the Bankruptcy Court was whether Kane may obtain a discharge of his debts under Chapter 7 while keeping all of his substantial post-petition salary, or whether the court would convert the case to one under Chapter 11 so that Kane may propose a plan of reorganization that would pay creditors some part of those substantial earnings.

The central questions on appeal are: 1) whether the court imposed an excessive burden of proof on the moving creditors by requiring them to establish "with certainty" that converting the case to one under Chapter 11 would result in a measurable recovery to creditors, and 2) whether the Bankruptcy Court considered irrelevant factors as being legal impediments to Kane being able to confirm a Chapter 11 plan. (Appellant's Reply Brief, Doc# 9 ("Reply"), pp. 5-6)   Kane's present motion to dismiss the appeal also relies on the lack of "certainty" of Kane's salary to fund a plan as a professional hockey player. (Motion, p. 6, l. 6.)

 The Motion begins by repeating much of Kane's opening brief. The only new issue raised is the fact that Kane lost his contract with the San Jose Sharks. What is not stated is that Kane signed a new contract with the Edmonton Oilers in

January 2022—before the Motion was filed. (*See* accompanying Request for Judicial Notice.) According to the National Hockey League's website, Kane is to make approximately $975,000 for the rest of this season. While this is not the $7 million obligation for the season with the Sharks (Appellant's Opening Brief, p. 5, l. 6) the Motion does not argue that a $975,000 salary does not provide sufficient disposable income to fund a Chapter 11 plan. Nor does the Motion suggest that Kane will not continue to play hockey after the initial year contract with the Oilers or with another hockey team.

Contrary to the assertion in the Motion, the appeal is not dependent on Kane's contract with the Sharks (as it might be, for example, if it related to an advertising deal based on Kane's playing for the Sharks specifically). Rather, it is based on the simple argument that a bankruptcy debtor making millions--or now hundreds of thousands--should be obligated to contribute his or her disposable income to pay creditors through a Chapter 11 plan. Simply because a possible Chapter 11 plan on converting this case might be less lucrative than when Kane was playing for the Sharks does not mean that a Chapter 11 plan is impossible or make the appeal moot.

III.   Argument

In the 9th Circuit, "the test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot." *Felster Publ'g v. Burrell (In re Burrell),* 415 F.3d 994, 998 (9th Cir. 2005), citing *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986).[1]

---

[1] An appeal may also be considered "equitably" moot when matters are too complex to unwind if an appeal is granted, such as where a Chapter 11 plan has been substantially performed. *See e.g., Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 33-34 (B.A.P. 9th Cir. 2008)

A party arguing for dismissal on appeal for mootness "has the heavy burden of establishing that there is no effective relief remaining for a court to provide." *Collect Access LLC v. Hernandez (In re Hernandez)*, 483 B.R. 713, 719-20 (B.A.P. 9th Cir. 2012), citing *Suter v. Goedert*, 504 F.3d 982, 986 (9th Cir. 2007). Even if the remedy is "difficult or inequitable," if it is possible, the court on appeal does not lose its jurisdiction because of mootness. *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12, 113 S. Ct. 447, 49-50 (1992). In the case of *Church of Scientology*, the IRS had acquired private information through an unlawful summons. The Supreme Court held that it was too late to remedy the violation of privacy, but that it could "effectuate a partial remedy by ordering the Government to destroy or return any and all copies it may have in its possession. The availability of this possible remedy is sufficient to prevent this case from being moot." *Id.*

The fact that Kane is now playing for the Oilers and not the Sharks does not prevent this court from fashioning a remedy on reversing the Bankruptcy Court's Order and directing the case to be converted to Chapter 11. While Kane's Oiler contract is less lucrative than the one for the Sharks, with over $900,000 in salary, there is still enough disposable income to fund a Chapter 11 plan. As noted, there is also no indication that Kane will stop playing hockey or making a substantial salary.

IV.   Conclusion

Underlying Kane's Motion is the position a Chapter 11 plan must assure some minimum recovery for unsecured creditors, and that without such certainty of recovery, an individual debtor is entitled to discharge his or her debt without contributing any post-petition earned income. There is no legal support for such an argument. In fact, the Bankruptcy Code makes clear that an individual is expected to contribute projected earned disposable income to pay its creditors. *See, e.g.* 11 USC 1129(a)(15) [requiring that, on a creditor's objection to a plan, an individual

Chapter 11 debtor must contribute value to the plan not less than 5-years projected disposable income]. The amount of earned income need only be projected, not certain.

    Kane has failed to establish that his change of teams from the Sharks to the Oilers has made a plan of reorganization impossible or has made this appeal moot. The motion must be denied.

Dated: March 8, 2022                BINDER & MALTER, LLP

By: /s/ Wendy Watrous Smith
Wendy Watrous Smith, Attorneys for
South River Capital LLC