Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Tel.:   (415) 421-2624
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Appellee
Evander Frank Kane

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-cv-03493-WHO<br><br>Bankruptcy Case No. 21-50028-SLJ<br>Chapter 7 |
| SOUTH RIVER CAPITAL, LLC,<br><br>Appellant<br><br>v.<br><br>EVANDER FRANK KANE,<br><br>Appellee | **REPLY IN SUPPORT OF APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT**<br><br>Hearing:<br>Date:   March 30, 2022<br>Time:  2:00 p.m. Pacific Time<br>Place:  Tele/Videoconference (Zoom)<br><br>**Remote appearances only.**<br><br>*Please check www.cand.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic.* |

Appellee Evander Frank Kane ("Kane") submits the following reply to the opposition to his motion to dismiss this appeal filed by Appellant South River Capital, LLC ("South River").

**SUMMARY**

While the bankruptcy court's underlying decision is sound and South River's appeal is without merit, Kane filed the instant motion to dismiss South River's appeal because the linchpin of its underlying case – Kane's long-term $29 million contract with the San Jose Sharks

REPLY ISO MOTION TO DISMISS APPEAL AS MOOT                                                                                       1

("Sharks") – no longer exists. Rather than admit this obvious fact, South River opposes dismissal based upon Kane's recently signed short-term contract with the Edmonton Oilers ("Oilers"), which pays him less than $1 million and expires at the end of the current season.  South River argues that the new contract, which it describes as a "switch of hockey teams", could form the basis of a Chapter 11 plan if the case is sent back to the bankruptcy court with a directive to convert the case. *See* ECF 17, at 2:4-6.

This argument defies logic, and as discussed below, contradicts the arguments made in the bankruptcy court. The motion to convert relied on the income from the Sharks contract through 2025 – and $29 million, not a one-year contract of $975,000. As such, Kane has met his burden to show that because of changed circumstances, the issues presented by this appeal are moot.

**LEGAL ARGUMENT**

The only argument made by South River below in its joinder to Zions Bancorporation's motion to convert Kane's case to Chapter 11 (the "Motion to Convert") was that "the Debtor has the ability to fund a plan of reorganization that will provide a substantial distribution to general unsecured creditors" based upon a "substantial salary over the next five years ($25 million)" that "will balloon to $29 million over that period with the inclusion of bonuses . . . "[e]ven after deducting the Debtor's substantial annual expenses." SRC0231.

Now that the Sharks contract is gone, this Court cannot grant any effective relief to Zions and South River on appeal because Kane no longer has the stream of income that creditors argued would be available to fund a reorganization plan over the next five years if this case were converted to Chapter 11. A similar situation occurred in *Mariah Bay Leasing Corp. v. Credit Union Liquidity Servs*., 2011 U.S. Dist. LEXIS 70580, at *10 (N.D. Tex. June 29, 2011). There the district court, considering an appeal from the denial of confirmation of a Chapter 11 reorganization plan, held that because the debtor's reorganization plan relied on real property it no longer owned, its appeal was moot. *Id*. at *1-4. The debtor failed to confirm a reorganization plan by a certain date, which triggered a stipulated order granting the secured creditor relief from the automatic stay to foreclose on the property. *Id*. at *2-3. The bankruptcy court subsequently

converted that case from Chapter 11 to Chapter 7 on the secured creditor's motion and denied confirmation of the debtor's plan. *Id*. at *3. The debtor appealed but the district court determined that the post-decision foreclosure on the property prevented consummation of the proposed reorganization plan because the debtor could not reorganize based on property it did not own. *Id*. at *9-10.

Similarly, while Kane obviously believes affirmance of the bankruptcy court's ruling is in order, were this Court to reverse the *Order Denying Motion to Convert* (the "Conversion Order") and remand this case to the bankruptcy court, there would be no basis to reconsider the Conversion Order because the underlying contract is gone. Speculation about what contract Kane might obtain in the future is legally irrelevant. The Motion to Convert was based upon the situation that existed at the time Kane filed bankruptcy. A Chapter 7 filing presents a snapshot in time, and if the case were sent back to the bankruptcy court, the snapshot no longer includes the Sharks contract.

South River concedes that Kane lost his contract with the Sharks but argues that this Court can still provide it with some relief because Kane has since signed a new contract with the Oilers and there is "still enough disposable income to fund a Chapter 11 plan." ECF 17, at 2:26–3:6, 4:16-18. South River requests this Court take judicial notice of an ESPN article, which purports to discuss the terms of Kane's contract with the Oilers. ECF 18. For the reasons addressed in Kane's concurrently filed *Objection to South River's Request for Judicial Notice*, South River's request for judicial notice must be denied. Kane has no objection to this Court taking judicial notice of his short-term contract with the Oilers, *see Appellee's Supp. Request for Judicial Notice*, filed herewith, Ex. 3, but the balance of the article submitted by South River contains false and salacious matters, which South River should not have sought to place before this Court.

Even assuming as true South River's assertion that Kane will make approximately $975,000 under a single year contract with the Oilers, South River's argument that such a contract could form a basis for Chapter 11 relief is disingenuous. South River provides no analysis to support its argument about the Oilers contract. South River does admit the

REPLY ISO MOTION TO DISMISS APPEAL AS MOOT 3

approximately $975,000 sum that Kane will supposedly earn for the remainder of this season with the Oilers is not the $7 million that it believed Kane would receive this season with the Sharks, and it clearly is not the $29 million that creditors argued would be available under the Sharks contract to fund a five-year reorganization plan. ECF 17, at 3:2-4. South River's suggestion that approximately $975,000 is sufficient to provide disposable income to fund a Chapter 11 plan ignores its own joinder below and opening brief on appeal. SRC0231; ECF 4, at 13:10–14:3; ECF 17, at 4:16-18. In its joinder, South River cited Kane's monthly expenses as $93,214, resulting in annual expenses of approximately $1,118,568, expenses that exceed the $975,000 that Kane will allegedly earn under the Oilers contract. SRC0231. This calculus makes clear that based on South River's own arguments, Kane's current contract is not a basis on which the bankruptcy court could convert a remanded case to Chapter 11. *See id.* And if the case were remanded the Oilers contract would be the extant contract.

In advancing this argument, South River speculates that the Oilers contract weighs in favor of conversion even though South River admits the alleged terms are not as "lucrative" as the Sharks contract that was the subject of Zions' motion and South River's joinder, which the bankruptcy court correctly denied. *See* ECF 17, at 4:16-17. A speculative possibility is not a basis for retaining jurisdiction over a moot case. *Cf. Van Bergen v. Minnesota*, 59 F.3d 1541, 1547 (8th Cir. 1995) ("The party need not show with certainty that the situation will recur, but a mere physical or theoretical possibility is insufficient to overcome the jurisdictional hurdle of mootness."). What South River is asking this Court to do on appeal is to consider anew the question of whether conversion will inure to the benefit of all parties in interest based on alleged terms of a new contract that is not properly before this Court. Again, South River fails to explain what relief this Court could fashion if it were to reverse the Conversion Order and remand this case to the bankruptcy court.

## CONCLUSION

For the reasons set forth above, Kane requests that this Court dismiss South River's appeal of the bankruptcy court's denial of the Conversion Motion as moot.

| | | |
|---|---|---|
| 1 | DATED: March 15, 2022 | FINESTONE HAYES LLP |

By: /s/ Stephen D. Finestone
Stephen D. Finestone
Attorneys for Appellee Evander Frank Kane

REPLY ISO MOTION TO DISMISS APPEAL AS MOOT                                                                 5