Stephen D. Finestone (125675)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Tel.: (415) 421-2624
Fax: (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Appellee
Evander Frank Kane

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EVANDER FRANK KANE,<br><br>Debtor. | Case No. 21-cv-03493-WHO<br><br>Bankruptcy Case No. 21-50028-SLJ<br>Chapter 7<br><br>**APPELLEE'S OBJECTION TO APPELLANT SOUTH RIVER CAPITAL, LLC'S REQUEST FOR JUDICIAL NOTICE** |
| SOUTH RIVER CAPITAL, LLC,<br><br>Appellant<br><br>v.<br><br>EVANDER FRANK KANE,<br>Appellee | <u>Hearing:</u><br>Date: March 30, 2022<br>Time: 2:00 p.m. Pacific Time<br>Place: Tele/Videoconference (Zoom)<br><br>**Remote appearances only.**<br><br>*Please check www.cand.uscourts.gov for information regarding the Court's operations due to the COVID-19 pandemic.* |

Appellee Evander Frank Kane ("Kane") hereby objects to the request for judicial notice by Appellant South River Capital, LLC ("South River"), filed at ECF 18 ("South River RJN"), in support of its opposition to Kane's motion to dismiss the above-captioned appeal as moot.

The only issue raised by Kane's motion to dismiss this appeal as moot is the effect of the termination of his San Jose Sharks contract, on which creditors relied in their motion to covert Kane's bankruptcy case to Chapter 11. To the extent South River's request seeks to support its

flawed argument that Kane's contract with the Edmonton Oilers ("Oilers") could somehow fund a Chapter 11 plan, the entire ESPN article is not judicially noticeable.

Under Federal Rule of Evidence ("FRE") 201(b), the court may only judicially notice a fact that is not subject to reasonable dispute because it is (1) generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. While a court may take judicial notice of adjudicative facts appearing in newspapers, *see* Fed. R. Evid. 201; *Ritter v. Hughes Aircraft Co*., 58 F.3d 454, 458 (9th Cir. 1995), South River's characterization of the news article that it asks this Court to judicially notice is itself inaccurate and disputable. Moreover, the article contains numerous statements beyond the fact of Kane's contract with the Oilers that are subject to reasonable dispute contrary to FRE 201(b)(1), inadmissible hearsay under FRE 801, irrelevant under FRE 401, and which attempt to create confusion and unfairly prejudice the Court against Kane in violation of FRE 403.

South River claims the news article that it seeks this Court to judicially notice "is published on the National Hockey League's website" and that "[t]here is no reason to believe that the National Hockey League would not accurately describe the news regarding NHL players." The website address, however, clearly indicates this article was published on ESPN's website and *not* on the NHL's website. South River RJN, at 2:5-7, 13-14. Moreover, the article is written by Kristen Shilton, ESPN's NHL reporter, and Greg Wyshynski, ESPN's senior NHL reporter; *not* by the NHL describing the news about one of its players. *See* Appellee's Supplemental Request for Judicial Notice ("Supp. RJN"), filed herewith, Exs. 1 and 2. Thus, contrary to South River's contention that the accuracy of the article it submits cannot reasonably be questioned, South River has failed to accurately describe the article itself.

Moreover, South River requests the Court take judicial notice of "the announcement by the National Hockey League of Evander F. Kane's new contract with the Edmonton Oilers." South River RJN, 2:1-3. As discussed above, the article is not *by* the NHL, but rather a story written by ESPN's reporters for ESPN. If South River is actually interested in bringing the fact of Kane's new contract with the Oilers to the Court's attention, it could have referred to the

Oilers official press release stating that the Oilers have agreed to terms with Kane on a one-year contract for the remainder of the 2021-22 season, dated January 27, 2022, and posted on the Oilers' page on the NHL website. *See* Supp. RJN, Ex. 3.

Even if the Court is inclined to take judicial notice of the ESPN article, "as with evidence generally, the matter to be judicially noticed must be relevant to the issues in the case." *Pivonka v. Allstate Ins. Co.*, 2021 U.S. Dist. LEXIS 63186, at *6 (E.D. Cal. Mar. 30, 2021); Fed. R. Evid. 402. Additionally, the Court may take judicial notice of a news article for its existence and content, but not for the truth of any statements in the document. *See 2die4kourt v. Hillair Capital Mgmt.*, LLC, 2016 U.S. Dist. LEXIS 118211, at *1 n.1 (C.D. Cal. Aug. 23, 2016). South River goes further by asking the Court to accept the alleged contents of Kane's contract with the Oilers as true without support from any admissible evidence. The ESPN article discusses Kane's contract with the Oilers in only three brief paragraphs in an article reproduced over eight pages. South River RJN, Ex. A, at 3:26-28, 9:18-24. The sources the article cite are ESPN analyst Kevin Weekes, who confirmed only that a verbal agreement had been reached between Kane and the Oilers, and two other websites of questionable accuracy. *Id*. In fact, nowhere in the article submitted by South River is there any specific mention that "Kane is to make approximately $975,000 for the rest of this season." ECF 17, Appellant's Opp'n, at 3:2-3. This is inadmissible hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay is not admissible as evidence unless an exception to the hearsay rule applies. *See* Fed. R. Evid. 802, 803. And "[f]or testimony or evidence that contains multiple levels of hearsay to be admissible, there must be an exception that applies to each level of hearsay." *Sugita v. Longia*, 2016 U.S. Dist. LEXIS 82041, at *10 (E.D. Cal. June 23, 2016) (citing Fed. R. Evid. 805). The ESPN article contains statements referencing other statements or documents made by third parties, which South River offers for the purported truth of the matters asserted therein. These statements are not subject to any exceptions to the hearsay rule, and these statements that contain (or are based upon) hearsay are inadmissible.

It is obvious that South River seeks to introduce the ESPN article to disparage Kane, muddle the issues, and unfairly prejudice the Court against Kane. The ESPN article contains page after page of irrelevant statements discussing Kane's personal and professional challenges; various investigations into allegations against Kane; and pure speculation by the articles' authors and other sources about Kane's contract with the Oilers, and opinions about Kane, the Oilers, and other NHL players and teams. FRE 401 provides that evidence is only relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Beyond the three short paragraphs discussing Kane's contract with the Oilers, which must be excluded for the reasons discussed above, the ESPN article refers to matters that are irrelevant to Kane's motion to dismiss this appeal or South River's argument in response.

South River's request for judicial notice of the entire ESPN article is an attempt to cast Kane in a negative light. The ESPN article recounts at length and in detail various accusations made against Kane or alleged conduct by Kane that prompted four recent investigations by the NHL or San Jose Sharks. However, the same article reported that three of these investigations ultimately cleared Kane of wrongdoing, and in another instance resulted in a penalty that Kane accepted. To be clear, these statements are irrelevant and have no probative value to the issue currently before the Court. Pursuant to FRE 403, even if evidence is relevant, it may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Accordingly, even if such statements were relevant (they are not) and otherwise admissible (they are not due to many issues such as hearsay and irrelevance), the Court should still exclude them because any probative value is substantially outweighed by the confusion of issues and clear attempt to unfairly prejudice the Court against Kane.

For the reasons set forth above, Kane requests the Court deny South River's request for judicial notice.

DATED: March 15, 2022          FINESTONE HAYES LLP


                              By:  /s/ Stephen D. Finestone
                                   _____
                                   Stephen D. Finestone
                                   Attorneys for Appellee Evander Frank Kane